Last case today is case number 4-14-0517. People v. Eric Mason. Appearing for the appellant is attorney Darren Kimmel for the appellee is, how do you pronounce your last name? Dough Diddy. Attorney Thomas Dough Diddy. Thank you. Mr. Kimmel, you may proceed. May it please the court. Counsel. Counsel. My name is Darren Kimmel and on behalf of the Supreme Court Rule 651C is to ensure that all pro se petitioners are provided proper representation when presenting claims of constitutional deprivation under the Post-Conviction Hearing Act. At the time the Post-Conviction Council, in this case, filed his certificate under the wrong rule, Rule 604D, he had not consulted with Mr. Mason about his claims in any meaningful way. The Post-Conviction Council also failed to amend the meandering, handwritten pro se petition to adequately present its claims. These violations of the rule require remand for further post-conviction proceedings. First, as an initial matter, no presumption of compliance should attach to this flawed certificate. And, if there is a presumption of compliance, this court should find that it is rebutted by the record. Now, we can look to the 2nd District's Kirkpatrick case, which somewhat mirrors the facts of this case. The Post-Conviction Council there similarly filed a certificate citing to the wrong rule, Rule 604D, instead of Rule 651C, which should control in this case. And in Kirkpatrick, the 2nd District did not analyze a presumption of compliance from that flawed certificate. Instead, it looked to the contents of the certificate as evidence. But it also went beyond that to look to representations made by the attorney to the court. And it looked at both of those two things. So are you saying that under Kirkpatrick, those oral representations are required in order for us to find sufficiency? Something like that, Your Honor. This court has to look beyond the four corners of the certificate. If there was a presumption, the certificate would be enough. You mean if there's the right label, the right certificate, then the presumption would apply? Is that what you're saying? If the certificate was correctly drafted under the right rule. And I would point out, it's not just that in the heading it cites Rule 604D. That could be just, you know, an error in drafting. The contents of the certificate also make it clear that the Post-Conviction Counsel was discussing Rule 604D. He refers to the defendant's pro se motion multiple times. Instead of calling it a petition, he calls it a motion. And it talks about the requirements within the context of the certificate. It talks about the specific requirements of Rule 604D, talking about a defect in the plea and sentencing proceedings. That's a requirement of 604D. That's not a requirement of 651C. So it does go beyond the caption itself. It's clear that this was a mistake in citing the wrong rule and not just a Scribner's error in the caption of the rule. But this, under Kirkpatrick, this court should go beyond the certificate and look, what did counsel actually say to the court? And that, to the trial court, and that's where this case is fundamentally different from Kirkpatrick. Counsel here didn't even attempt to defend himself, which is strange and troubling to me. And I hope it's troubling to this court. In Kirkpatrick, the PC counsel explained himself to the trial court and said, when he was challenged, he said, no, we had consultations and developed that on the record. Here, quite differently, counsel just says, we're ready to proceed and tries to brush this issue to the side as if it were not important. Even the prosecutor is troubled by this and says, hold on, let's, you know, this is... Well, I mean, they weren't discussing whether or not the certificate was the right certificate. They were discussing whether or not there had been enough contact and conversation between counsel and the defendant. So, I mean, don't you agree that whether or not the certificate was the proper one really never came up at the trial court level? Oh, absolutely, Your Honor, and I didn't mean to imply that, but the certificate, what the certificate is providing, the representations, the purpose of the certificate is to explain that consultation occurred, that amendments occurred as necessary to present the claims in an adequate fashion. And that, the consultations specifically, is what was being discussed in this case. Mr. Mason alleged in a letter and then again at the hearing that his attorney had not consulted with him. And then eventually he said, if he's ready, I'm ready, and they were going forward. Exactly, and that was how this hearing or this discussion of this issue concluded. The prosecutor said, I'm not comfortable proceeding in this matter, frankly, and the court said in some fashion that it somewhat agreed. But then post-conviction counsel said, no, we're ready to proceed, and Mr. Mason said, well, I guess I have to take the advice of my attorney. Is that what he said? He said, at some point he said, I believe I have to take, I believe I have to follow the direction of my attorney, but then at the end he said, if he's ready, I'm ready, was the final comment he made. Now the state has discussed that as invited error, and whatever we call that, whatever kind of procedural default, I'm not sure that's the correct term, but we call it waiver. Procedural default does not apply to this kind of issue of Rule 651C, noncompliance. The Illinois Supreme Court has made that crystal clear in decisions like People v. Suarez in 2007, where it said that the fulfillment of this design would not be encouraged were we to ignore the rule's non-observance. Waiver does not apply to this type of issue because we want the infrastructure of this process to work correctly, and if it's not working correctly, we want to fix that, regardless of the appellate procedural rules that might thwart those issues. What about the fact that your client basically declined the opportunity to have more time? Is that, I mean, you're talking about invited error, but they can't force him. I mean, if he said, no, I'm ready to go forward, I don't want additional time to speak with him, does that somehow bar him from complaining now when he declined the opportunity? I don't, for those same reasons, I don't believe there should be a procedural bar. I think practically it is an interesting point, you know, the trial court forced the defendant to take more time, and I think the answer is yes, the court should have. Because this is not, I first point out, the trial court, and this might be parsing the transcript a little bit, but the trial court doesn't explicitly offer more time to Mr. Mason. The trial court says, do you understand, did you understand all that? So there's never an explicit choice made, or offer. But it seems pretty clear that the judge shared the concerns of the prosecutor, and I think, isn't it reasonable, I think, to assume that the judge would have given more time? I mean, the judge was repeating what the prosecutor said, it seems, for that very reason, so that that could be taken advantage of if desired. I think there is a concern that we don't want to create rulings or systems that allow defendants to take advantage of them, but I think that concern is less than the overwhelming concern of making sure Rule 651 works correctly, and providing proper representation to post-conviction petitioners. And that's the real problem here. Whatever Mr. Mason says is kind of, to me at least, beyond the point. Post-conviction counsel here is the one who steps in and says, we're ready to proceed. And the court should have required compliance with Rule 651 there, at that point, to make sure that, because the other purpose of the rule is to make sure that there is a proper development of the record for appeal. And that's also a problem here, because counsel doesn't explain himself at that hearing. And as I said, just on a human level, that seems counterintuitive to me. If your duties, if your credibility as attorney is challenged in saying that you didn't consult with your client, it seems reasonable that the first thing you would do is say, no, I did, we did consult and explain that. Here, counsel does the opposite. And that creates problems for us in the record, but it also creates problems for, because of that, it creates problems for us in ascertaining whether the rule was complied with. What is your argument in regards to the trial court sentencing beyond the agreed sentence cap, vis-a-vis the post-conviction petition, and whether or not that issue could have been raised by a post-conviction counsel in an amendment? So I think there's, we've been discussing kind of the tension between, in the brief, between people versus Pendleton, the Illinois Supreme Court case, and people versus Jennings, a fourth district case. In general, there's no duty for post-conviction counsel to comb through the record and raise new issues that are not contained in the petition. That's the general rule. But Jennings, and a few other cases, there's a first district case, I believe it's, I'm sorry, I don't know if in the brief, along with Jennings, seem to create room, a small amount of room, for issues that are closely related to the claims that are explicitly raised in the petition. So the general rule is you only have to look at the claims in the petition. But if there are, if there's the gist of the petition, the claims that are explicitly raised, includes closely related issues that are obvious in the face of the record. And that's what occurred in Jennings. This court has held that there's a narrow range of issues that are closely related that counsel does have an obligation to raise, because they're closely related to the explicitly raised issues. Our argument is the admonition issue by the trial court here, because it was an admonishment on the plea, is closely related to the issues Mr. Mason was already raising. He raises a whole range of issues of confusion over the contents of his plea deal and the sentence that happened because of that. But didn't the trial judge say, under the terms as I understand it, I can sentence you to an additional 10 years, and the issue really is, will it be concurrent or consecutive? I think that, I think the concurrent and consecutive issue was an issue, and that was an ongoing issue. And didn't he, maybe I'm wrong, but didn't he sentence him to 10 concurrent and then 7 consecutive? That was the ultimate sentence, Your Honor. And so what we focus on is just the admonition from the plea hearing, when the trial court is explaining what the possible range of sentences can be in the future. So it's 10 plus 7 consecutive. But that issue is up in the air. There's this one part that we quote in the briefs from the plea hearing, though, where it looks like a somewhat improper admonition. And it may be that the court just misspoke, but then the court did not correct that admonition. Well, what part of it was as an admonition that the entire sentence would have been capped at 10 years? And that's the argument that we make. Now, in Jennings, the argument was a disparate sentence argument, and the court didn't address whether that argument was necessarily meritorious in the end. That argument, when fully developed, would have been a winning argument. But it was a closely related argument to the arguments that the petitioner was already making, and it was obvious in the base of the record. So it may be that this admonition argument is a colorable issue. It doesn't necessarily, this court doesn't have to decide that that issue would win. Right. But if counsel felt it had no merit, you know, for example, the way I read that in admonition, the trial judge is saying, the agreement is 10 more years. The decision I'm going to make is whether it's going to be somewhere between 4 and 10, and whether it's concurrent or consecutive. And what he did was make 7 of it consecutive, which was within the 4 to 10. So I don't understand why counsel would be deficient for failing to raise an issue that it's clear he's going to lose on. I think the argument is that there's sufficient merit in that claim that a zealous advocate should have presented it to the court. I think the level of merit in the argument... What is the merit? You haven't explained that to me yet. I'm having trouble seeing the merit to your saying that, that it has merit, but I don't see the merit. So if you could tell me what the merit is, I'd be happy to hear it. So my reading of the quoted language by the trial court that... So it's on page 18 of the opening brief. The admonishment is, the negotiation as I understand it, and I'm quoting, is that you are going to plead guilty to all So that just, that alone as it's written, as it was read, that is an incorrect admonishment. But the judge hasn't finished speaking. You have to read the whole paragraph, right? Because then at the end he says, so what we would do at the sentencing hearing, the main thing I guess you could say, what we would be dealing with as far as an issue is, is it going to be consecutive or concurrent? If it's consecutive, how many years is it between 4 and 10? So, okay, I understand your argument. So that's not necessarily mutually exclusive with what happens then. So let me ask you this while we're here, but that assumes that we get past the hurdle of it being something that was raised in defendant's pro se petition. That it's encompassed within the gist of issues that are raised. Right, because counsel, the general rule as you stated, is that counsel has no obligation to add new claims. If they are not encompassed within the orbit of the gist of things that are already raised. And so I would just make that distinction. Under Jennings, counsel does have a duty to raise issues that are not explicitly raised in the petition. But they have to be closely, the issue in Jennings was not explicitly raised in the petition. Well, I'm talking about Pendleton. I believe Jennings post-states Pendleton, and if I'm incorrect about that, I apologize. Pendleton is 2006, and Jennings is 2003. I apologize, counsel. So the first district case, which also discusses the issue, although it does not hold similarly to Jennings, but it phrases the issue the way I discussed it. That was a 2008 case, and that was People v. Richardson, the first district in 2008, as discussed on page 19 of the opening brief. So, it's not necessarily foreclosed by Pendleton, is the argument. Pendleton also discusses the issue, the Supreme Court shot down there, it explicitly says this is not whatsoever related to the issues raised in the petition. Right, and that's why I said the initial hurdle we have to get over is whether or not it is related to something raised in the post-state petition. And I agree with that, Your Honor. I think there are claims raised in the petition that are related, such as there's a claim that the trial court misstates the nature of the charge that's being fled to. There are a series of issues of misunderstandings about the contents of the petition, focused on the attorneys and on the trial court. And I would say this mirrors the logic of Jennings as related to the underlying issue. Now, there was a failure to consult in this case. If there's no presumption of compliance from the certificate, we can look to the statements by Mr. Mason. Even if there is a presumption of compliance, we believe that they're rebutted by the rest of the record. The letter from Mr. Mason discusses several letters he sends to counsel. He never receives a response. And there's a phone call that occurs in November, just the certificate is filed in January. There's a phone call that occurs in November, and Mr. Mason says he calls his attorney, and his attorney has absolutely no idea about any aspect of his cases, but promises to get right back to him. And then he never hears back. So that's contact. There is contact discussed in the record, but there's no discussion of consultation. And that's a problem. The first consultation we get in this case happens immediately before the hearing on the motion to dismiss. And that's seriously problematic if that is found to be sufficient consultation way after the fact of the certificate documenting alleged consultation. That should not be sufficient to survive this review. Now, there's also, beyond the issue of Jennings and then adding additional issues to the petition, there's a general failure to amend the petition. Just to present in proper legal form the arguments, the claims that are already raised in this petition. Counsel has a duty, as a zealous advocate, to organize in a persuasive fashion the claims Mr. Mason presents, and to winnow those claims, and to buttress them with legal citation. There is no legal citation in this petition. This is an ineffective assistance of counsel argument, and Strickland is never cited to the court below. This is a serious problem. There's no general duty to amend the petition, but counsel here makes oral arguments at the hearing on behalf of these claims. So, counsel, if he finds these arguments to be frivolous, there's no duty to argue them. But he does argue them, orally. So, that's problematic. At the point where counsel finds these arguments not to be frivolous, he has a duty to advance them. He has a duty to organize them and present them to the court in a proper legal fashion, and that did not happen here. For these reasons, this court should reverse and remand for further post-conviction proceedings. Thank you. Counsel? May it please the court, counsel? I would like to talk about two issues that have been somewhat raised in oral argument. The first is the certificate. Post-conviction counsel filed a certificate that stated it was filed under Rule 604D as opposed to 651C. This is also the situation that the appellate court addressed in People v. Kirkpatrick. And in Kirkpatrick, the appellate court concluded that the representations in the certificate were consistent with 651C. In other words, the appellate court concluded that there was substantial compliance with 651C, albeit there was a cite to the wrong certificate. This certificate was not just mislabeled 604D. The language used in the certificate comes right out of 604D, not 651C, right? Yes. How is that substantial compliance? The language that is used in this certificate is very similar to the language that was analyzed by the appellate court in Kirkpatrick. And it went through the requirements of the 651C certificate. In other words, the consultation of whether or not there had been a reading of the record and amendment. And noted that the language used in Kirkpatrick was substantially similar to what was used in 604D. And the language here is very similar to the language used in Kirkpatrick. So as a general rule, we look at, of course, or appellate courts look at, whether or not there is substance of a filing, not its form. And I would suggest that since the substance of the filing, the representations were consistent with 651C, that this court should conclude that the certificate should create a presumption of compliance despite the mislabeling and some differences in language. Secondly, I would like to talk about the amendment. The Finham makes essentially two arguments. One, that there was a general failure to amend the post-conviction petition in terms of organization, citing to authority. However, the defendant makes no argument as to how this should have been amended or how he was prejudiced by the failure to amend it. Consequently, I won't talk about that any further. The second issue that the defendant raises in terms of failure to amend relates to the admonition on sentencing. It was clear that this issue was not raised in the defendant's post-conviction petition. Pendleton made very clear that if it's not raised in the post-conviction petition, then post-conviction counsel has no obligation to raise that issue. Now, the defendant contends that this issue is closely related to what he raised in the petition. However, his basic argument in the petition, the focus of the petition, was that counsel was ineffective. And to the extent that he was confused, it was because of counsel's ineffectiveness. As was mentioned in Peeple v. Portpatrick, the appellate court considered that issue did not have to be raised unless the gist of it was contained in the post-conviction petition. Here, clearly, there was no gist of improper admission, admonition, excuse me, in the post-conviction petition. So, for these reasons, I would suggest that defendant's arguments should be rejected. I'm available to answer any questions. All right. I don't see any. Thank you. Mr. Kimmel, rebuttal. May I please record? I want to talk a bit about this certificate in this case. The state argues that this certificate provides substantial compliance with Rule 651C. It talks about Kirkpatrick and that this has similar language as the certificate in Kirkpatrick. There's some problems with that analysis. Rule 651C and Rule 651D do overlap quite a bit. They're quite similar, but they're not identical. And the ways that they're different matter in this case. They may not have been Kirkpatrick, but they do matter in this case. One of the specific ways, beyond the language that we had discussed, the identifying defendant's pro se motion, that type of language clearly harkens to Rule 604D instead of Rule 651C. But there's more substantive issues in the certificate as well. And the main one is what is counsel required to examine in the record, and what contentions of the defendants must be discussed. So 604D requires counsel to review the plea hearing transcript and the sentencing transcript. And you must do that all every time. But that's all it encompasses. Rule 651C is more of an accordion rule. You have to review any transcripts that relate to the contentions of the petitioner. So that can be much broader than Rule 604D. It can be narrower, depending on the case. So in Kirkpatrick, it may well be that it's quite similar. The rules align. The fact that the language in this certificate is similar to the language in Kirkpatrick doesn't decide this issue. Because here, Mr. Mason's claims went beyond the plea hearing and the sentencing hearing. He alleged issues of failure to investigate. Those issues happened before the plea hearing. He alleged an issue that counsel failed to file a motion, a written motion, to release his credit cards from evidence. There's a pretrial hearing where counsel argues that those credit cards should be released because Mr. Mason wants to hire private counsel, counsel of his choosing. And the court says, I have no problem with that. The prosecutor says, I have no problem with that. But the court says it has to be in a written motion. It can't be an oral motion. And no written motion is ever filed. Mr. Mason argues that he was denied choice of counsel because the attorney never bothered to file a written motion. That claim requires review of an earlier pretrial hearing transcript under Rule 651C.  And this language doesn't meet Rule 651C because of that discrepancy between those rules. So there are substantive issues here that go beyond the mere language used or the mere caption of the certificate. That's problematic. The state also argues that the failure to amend, that we have to support our general failure to amend arguments with prejudice, showing a prejudice. And I submit that that's not the case. We're not talking about specific arguments that need to be made here. We're talking about counsel's duty to either file a grier motion to withdraw if he finds these claims to be frivolous, or to be a zealous advocate who puts forward arguments on the basis of these claims if he finds them not to be frivolous. This is a general duty to amend. There's no duty to amend if you find the arguments to be frivolous. But if you don't believe the arguments are frivolous, you have to present them to the court in a proper legal fashion. It's clear here that counsel did find these arguments to not be frivolous because he makes oral arguments on behalf of these claims at the hearing. So we know counsel did not find the bulk of these claims to be frivolous, or at least he presented a belief that he found that to be the case. Yet he did not bother to amend and organize in a proper legal fashion these claims, and that should be troubling to this court. There does not need to be a showing of prejudice for that argument, contrary to the State's position. Thank you. Thank you. Thank you both. This case will be taken under advisement, and a written decision shall issue. Court stands in recess.